**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4590

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUENTIN TAVARIS BRYANT, a/k/a Boobie,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, District Judge.  (4:19-cr-00085-FL-1)

_____

Submitted:  May 30, 2024                                           Decided:  July 18, 2024

_____

Before HEYTENS and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF**:  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Tavaris Bryant pled guilty, pursuant to a written plea agreement, to distribution of a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, and aiding and abetting the distribution of a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 851, 18 U.S.C. § 2. The district court sentenced him to a total term of 118 months' imprisonment and six years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bryant's sentence is substantively reasonable. Bryant was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Bryant's appeal pursuant to the appellate waiver in his plea agreement. We affirm in part, dismiss in part, vacate in part, and remand for resentencing.

"We review an appellate waiver de novo to determine its enforceability." *United States v. Carter*, 87 F.4th 217, 223 (4th Cir. 2023). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background[,] and knowledge of his plea agreement and its terms." *Id.* "Generally, though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). An appeal waiver is enforceable "if it is valid and if the issue being appealed falls within its scope." *Id.* (internal quotation marks

2

omitted).  Our review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, confirms that Bryant knowingly and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable, and we grant in part the motion to dismiss the appeal.

However, in accordance with *Anders*, we have reviewed the entire record in this case and have identified a meritorious ground for appeal that falls outside the scope of Bryant's valid appeal waiver.  A district court is required to orally pronounce at sentencing all discretionary conditions of supervised release.  *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *see also United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). This requirement "is a critical part of the defendant's right to be present at sentencing," *Rogers*, 961 F.3d at 300 (internal quotation marks omitted), and ensures the defendant has an opportunity to challenge unwarranted conditions before they are imposed, *id*. at 298. Discretionary conditions of supervised release that appear for the first time in a written judgment are nullities; a defendant has not been sentenced to those conditions, warranting vacatur and remand for resentencing.  *Singletary*, 984 F.3d at 346 & n.4.  "[W]e review the consistency of the defendant's oral sentence and the written judgment de novo."  *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (cleaned up).

During the sentencing hearing, the district court announced the special conditions of supervised release, stating:

> I'm going to keep you under drug treatment, drug testing, [and] mental health treatment.  If you need more education, I want to open that door for you. Given the nature and circumstances of the instant offenses and your

background and your history, I'm also going to require that you submit to warrantless searches of your person, your car, your home, your computer, by law enforcement or a member of the probation office, but only if there's reasonable cause to think you're either breaking the law or violating conditions of supervised release. . . .

You'll need to cooperate in the collection of DNA. And if regular drug testing shows there's no issue, as you've talked to me about, we can put that to the side; we can change that. And you've got to keep up supporting your dependents.

(J.A. 120-21).[*]

The special conditions as written in the criminal judgment read as follows:

The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall participate in a program of mental health treatment, as directed by the probation office.

The defendant shall participate in educational and vocational training programs as directed by the probation officer.

The defendant shall support his dependent(s).

(J.A. 151).

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

Unlike the district court's oral pronouncement of the special conditions, the written conditions required Bryant to submit to warrantless searches of any "property," papers," and "other electronic communication or data storage devices or media"; included a condition that Bryant participate in vocational training programs in addition to educational programs; and required Bryant to participate in treatment for alcohol dependency as directed by the probation office. (J.A. 151). Therefore, the written description of several of the supervised release conditions are inconsistent with the court's oral pronouncement and encompass a broader scope of conduct that Bryant must perform or allow. These discrepancies prove particularly problematic as to the alcohol treatment requirement, as Bryant averred during the sentencing hearing that he did not use alcohol. (J.A. 120). We conclude that these material discrepancies between the written and orally pronounced versions of these conditions constitute reversible *Rogers* error warranting full vacatur of Bryant's sentence and a remand for resentencing. *See United States v. Mathis*, __ F.4th __, __, No. 21-4578, 2024 WL 2741930, at *4 (4th Cir. May 29, 2024); *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024).

Accordingly, we deny in part the Government's motion to dismiss, affirm the convictions, vacate Bryant's sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART,*
*VACATED IN PART, AND REMANDED*

5